# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:22-CR-019-Y(1) |
| | M. Levi Thomas, assistant U.S. attorney |
| TARRANCE MICHAEL BROWN | J. Warren St. John, attorney for the defendant |

On February 2, 2022, the defendant, Tarrance Michael Brown, entered a plea of guilty to count one of the one-count indictment. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) | Conspiracy to Possess with Intent to Distribute a Controlled Substance | March 31, 2021 | 1 |

The defendant is sentenced as provided in page two of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count indictment.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed August 11, 2022.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed August 12, 2022.

Judgment in a Criminal Case  
Defendant: Tarrance Michael Brown  
Case Number:  4:22-CR-019-Y(1)                                                                                         Judgment -- Page **2** of **3**

# IMPRISONMENT

The defendant, Tarrance Michael Brown, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 60 months on count one of the one-count indictment.  This sentence shall run consecutively to any future sentence that may be imposed in case no. 1595343R in the 297th Judicial District Court, Tarrant County, Texas.

The Court recommends that the defendant be incarcerated at a facility within the Northern District of Texas, if possible, and that he be enrolled in the Institution Residential Drug Abuse Treatment Program, if eligible.

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on count one of the one-count indictment.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court;

Participate in outpatient mental-health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25.00 per month; and

Participate in an outpatient program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25.00 per month.

# FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case
Defendant: Tarrance Michael Brown
Case Number:  4:22-CR-019-Y(1)                                              Judgment -- Page **3** of **3**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
       deputy marshal